UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDITHA LOPEZ QUIRINO,

                        Plaintiff,

                -v-

THE NEW JEWISH HOME, et al.

                        Defendants.

19 Civ. 5778 (PAE) (DCF)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

On June 20, 2019, plaintiff Editha Lopez Quirino ("Quirino") brought this case *pro se*, alleging age and sex discrimination by defendants The New Jewish Home ("TNJH"), Maia Santarina ("Santarina"), and Jenifer Tutone ("Tutone"). Defendants have moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 34.

Before the Court is the February 19, 2021 Report and Recommendation of the Hon. Debra C. Freeman recommending that the Court (1) dismiss with prejudice Quirino's New York State and New York City claims pursuant to Rule 12(b)(1); (2) dismiss with prejudice Quirino's federal sex-discrimination claims pursuant to Rule 12(b)(6); and (3) dismiss with prejudice Quirino's federal age-discrimination claims pursuant to Rule 12(b)(6), with the exception of her failure-to-promote claim. Dkt. 42 ("Report"). As to that claim, the Report recommends affording plaintiff the opportunity to amend her complaint. Defendants filed an objection to the Report to the extent that it suggests that they did not properly serve Quirino, who was proceeding *pro se*, with the required notice under Local Rule 12.1. Dkt. 44 ("Obj."). Quirino, who is now represented by counsel, did not file any objections or respond to defendants' Objection.

For the reasons that follow, the Court adopts the Report, with two modifications.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. UPS*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Review for clear error is appropriate as to the portions of the Report to which neither party has objected. Careful review of Judge Freeman's well-reasoned Report reveals no facial error in its conclusions. That includes its recommendation to dismiss with prejudice Quirino's federal claims, notwithstanding her *pro se* status, given that, even liberally construed, these fail to state a claim. *See* Report at 28–37. The Court also adopts the Report's recommendation to permit Quirino to amend her complaint as to the failure to promote claim. *See* Report at 37–38.

However, the Court makes two modifications. First, as to the claims under New York State and City law, which are dismissed under Rule 12(b)(1), because the Court "lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999). Accordingly, the Court dismisses these claims without leave to amend, rather than with prejudice. Second, after review of defendants' Objection, the Court finds that defendants adequately complied with Local Rule 12.1.

Because the Report explicitly states that "the parties have fourteen (14) days from service of this Report to file any objections," failure to file written objections precludes appellate review

of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in full, with the modifications that plaintiff's New York State and City law claims are dismissed without leave to amend, and (2) that defendants complied with Local Rule 12.1. The Clerk of Court is respectfully directed to terminate the motion pending at docket 34. Plaintiff's amended complaint is due April 19, 2021. This case remains under the able pre-trial supervision of Judge Freeman.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 22, 2021
    New York, New York